UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
In re:                                                          Case No.: 22-73029-reg

Robert Gojani,                                            Chapter 7

                                   Debtor.
--------------------------------------------------------x
Nataly Malovatsky,
                                   Plaintiff,             Adv. Pro. No.: 23-08007-reg

              -against-

Robert Gojani,
                                   Defendant.
--------------------------------------------------------x


## <u>DECISION</u>

     Before the Court is the Plaintiff's motion for summary judgment in this adversary

proceeding to determine the nondischargeability of a debt owed by the Debtor, Robert Gojani

("Gojani"), to the Plaintiff, Nataly Malovatsky ("Malovatsky"). Malovatsky argues that there is

no genuine dispute as to any material fact and Gojani's debt to her should be found

nondischargeable as a matter of law under 11 U.S.C. §§ 523(a)(2)(A) and (a)(15).[1] At a hearing

held on February 26, 2024, this Court denied summary judgment on the § 523(a)(2)(A) claim

and reserved decision on the § 523(a)(15) claim.

     Gojani and Malovatsky are former spouses. At the time divorce proceedings were

commenced in 2011, the parties jointly owned real property located at No. 3 Tiger Court, Staten

Island, New York (the "Marital Property"). In June of 2011, during the divorce action, Gojani

signed a stipulation that the state court so-ordered, in which he agreed to convey his one-half

---

[1]     The adversary proceeding complaint also seeks nondischargeability under § 523(a)(6), but that
claim is not part of the Motion for Summary Judgment.

interest in the Marital Property to Malovatsky (the "So-Ordered Stipulation"). At that time, he agreed that he had not, and would not, accrue any judgments against the Marital Property before conveying his interest to Malovatsky. However, shortly before transferring the Marital Property to Malovatsky in 2014, Gojani's matrimonial attorney obtained a judgment against Gojani for unpaid legal fees, and that judgment became a lien against the Marital Property (the "Judgment Lien").

In 2022, Malovatsky sold the Marital Property. To complete the sale, Malovatsky satisfied the Judgment Lien, then totaling $19,607.40, in full. She argues that Gojani violated the So-Ordered Stipulation by allowing the Judgment Lien to be recorded against the Marital Property and not satisfying the Judgment Lien before conveying his interest. As a result, Malovatsky seeks a judgment of nondischargeability because Gojani's obligation to reimburse her for amounts she paid to satisfy the Judgment Lien is a debt that is owed to her in connection with a divorce or separation, or in connection with a separation agreement, or divorce decree under 11 U.S.C. § 523(a)(15).

Gojani does not dispute that he owes Malovatsky $19,607.40 as a result of her satisfying the Judgment Lien as he both listed the debt in his Schedule E/F and agreed to the same at the February 26, 2024 hearing on the motion for summary judgment. However, he argues that the debt does not fall within the language of § 523(a)(15). First, he argues that the Judgment Lien Malovatsky paid was on account of his attorney's fees, not Malovatsky's, and his attorney's fees are dischargeable in bankruptcy. Second, he argues that because the debt Malovatsky paid was originally owed to his attorney, the requirement under § 523(a)(15) that the debt be owed "to a spouse" or a former spouse, is not satisfied. Finally, he maintains that he did not violate the So-

Ordered Stipulation by incurring the Judgment Lien because it was recorded after he entered into that agreement.

Gojani's arguments are not persuasive. The So-Ordered Stipulation clearly states that Gojani agreed he had not and would not accrue any judgments against his interest in the Marital Property prior to conveying his interest to Malovatsky. This requirement was clearly intended to preserve the equity in the Marital Property for Malovatsky. The fact that the Judgment Lien arose from Gojani's failure to pay his legal fees does not alter the Court's analysis. Malovatsky's claim arises out of Gojani's breach of his obligations to her under the So-Ordered Stipulation. Gojani's focus on the specific obligation which caused him to breach the agreement is a red herring. The real issue is that when Gojani breached the So-Ordered Stipulation, he became liable for the damages flowing from it.

For these reasons and the reasons that follow, the Court concludes that Malovatsky has demonstrated that there is no genuine dispute as to any material fact and that she is entitled to judgment as a matter of law that the $19,607.40 Gojani owes her as a result of his breach of the So-Ordered Stipulation is nondischargeable pursuant to 11 U.S.C. § 523(a)(15). The remaining causes of action asserted in the Complaint are dismissed as moot.

## **JURISDICTION**

A proceeding to determine dischargeability under § 523 of the Bankruptcy Code is a core proceeding over which the Court has jurisdiction. *See* 28 U.S.C. § 157(b). This Decision represents the Court's findings of fact and conclusions of law as required by Fed. R. Bankr. P. 7052.

## FACTS AND PROCEDURAL HISTORY

Gojani filed a chapter 7 petition for relief on October 31, 2022. In Schedule F, Gojani listed Malovatsky as a creditor with a noncontingent, liquidated, undisputed debt in the amount of $19,607.40 for "fees relating to divorce/reimbursement for payoff of debtor's attorney's fees." *See* Schedule E/F, Case No. 22-73029, ECF No. 1. Gojani received a discharge on February 8, 2023. Order of Discharge, Case No. 22-73029, ECF No. 15.

Malovatsky filed this adversary proceeding on January 20, 2023, alleging the following. The parties jointly owned the Marital Property. On January 14, 2011, Malovatsky commenced a divorce action against Gojani in Supreme Court, Richmond County (the "Divorce Action"). Malovatsky Decl. ¶ 2, ECF No. 21.[2] During the Divorce Action, on June 21, 2011, Gojani signed a stipulation in which he agreed to:

> "…transfer to Plaintiff his right title and interest in and to the marital premises at No. 3 Tiger Court, Staten Island New York ……. Defendant represents that he has not, nor will he accrue any judgments against said property prior to transfer of title."

Compl. Ex. A, ECF No. 1, So-Ordered Stipulation, dated June 21, 2011. On that same day, Supreme Court Justice, Catherina DiDomenico (the "Matrimonial Judge"), "So-Ordered" the Stipulation. Malovatsky Decl. ¶ 4, ECF No. 21.

At a hearing held on April 4, 2014, the Matrimonial Judge awarded Mark F. Bernstein, Gojani's attorney in the Divorce Action, attorney's fees in the amount of $11,434.82. Malovatsky Decl. ¶ 6, ECF No. 21. Gojani was present at this hearing, and he did not object to the award of attorney's fees. Mot. Summ. J. ¶ 5, ECF No. 21. A judgment was granted in favor

---

[2] Unless otherwise noted, the ECF references in this Decision are to the Adversary Proceeding No. 23-8007.

of Mr. Bernstein, and that judgment was recorded in the Office of the Clerk of the County of Richmond as a lien (the "Judgment Lien") against the Marital Property on April 15, 2014. *Id.* On June 18, 2014, Gojani conveyed his interest in the Marital Property to Malovatsky. Compl. Ex. B, ECF No. 1, Deed, dated June 24, 2014.

Gojani failed to satisfy or remove the Judgment Lien prior to transferring his interest to Malovatsky. Malovatsky claims she was unaware of the Judgment Lien when she sold the Marital Property. *See* Malovatsky Decl. ¶ 6, ECF No. 21. At the closing, on March 28, 2022, Malovatsky was required to pay $19,607.40[3] (the "Debt") to satisfy the Judgment Lien in order to proceed with the sale. *Id.* ¶¶ 10-11. On or about May 24, 2022, the Matrimonial Judge issued an Order to Show Cause why an order should not be entered directing Gojani to pay Malovatsky the sum of $19,607.40 and adjudicating Gojani's alleged contempt for his willful failure to comply with the Court's So-Ordered Stipulation. *Id.* ¶ 12; Compl. Ex. D, ECF No. 1, Order to Show Cause, dated May 21, 2022. However, the hearing on the Order to Show Cause was stayed by Gojani's chapter 7 filing on October 31, 2022. *See* Malovatsky Decl. ¶ 13, ECF No. 21.

In this adversary proceeding, Malovatsky moves for summary judgment on her § 523(a)(2)(A) and (a)(15) claims. Malovatsky attached the following as exhibits and documentary evidence to the Complaint: (1) The So-Ordered Stipulation dated June 21, 2011; (2) a copy of the deed transferring the Marital Property to Malovatsky dated June 24, 2014; (3) proof of Malovatsky's satisfaction of the Judgment Lien dated March 24, 2022; and (4) a copy of the Matrimonial Court's Order to Show Cause dated May 24, 2022. Attached to Malovatsky's Motion for Summary Judgment is her Declaration.

---

[3]    The $11,434.82 judgment accumulated statutory interest in the sum of $8,172.58 for a total of $19,607.40. *See* N.Y. C.P.L.R. 5004 (McKinney 2022).

Gojani was represented by counsel in this adversary when he filed an answer to the Complaint on March 17, 2023. His counsel subsequently filed a motion to withdraw as counsel on December 8, 2023, which the Court granted on January 8, 2024. Order, ECF. No. 20. Malovatsky filed her motion for summary judgment on February 2, 2024. The Court heard the motion on February 26, 2024. Gojani appeared at the hearing without counsel, and he did not file a written response to the motion. The arguments ascribed to Gojani in this Decision are arguments raised in his Answer to the Complaint. Answer to Compl. ECF No. 8.

At the hearing, the Court denied summary judgment on the § 523(a)(2)(A) claim and scheduled a trial on that claim for May 13, 2024. The Court took the § 523(a)(15) claim under advisement.

## <u>DISCUSSION</u>

Summary judgment is appropriate where the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The Court must decide: (1) whether there is a genuine dispute as to any material fact, and if not, (2) whether Malovatsky is entitled to judgment as a matter of law that Gojani's debt to her is nondischargeable under § 523(a)(15). *See Monassebian v. Monassebian (In re Monassebian),* 643 B.R. 388, 393 (Bankr. E.D.N.Y. 2022).

The first question is easily decided. Gojani does not dispute the language of the So-Ordered Stipulation in which he agreed not to cause any lien to be placed against the Marital Property prior to his transfer to Malovatsky. Nor does he dispute that he failed to pay his attorney's fees, and that the Judgment Lien was placed on the Marital Property for nonpayment of his attorney's fees prior to his transfer of the Marital Property to Malovatsky. Nor does he

dispute that Malovatsky satisfied the Judgment Lien. *See* Answer to Compl. ¶¶ 44-45, ECF No. 8. Finally, Gojani does not dispute that he owes Malovatsky $19,607.40 as "reimbursement for payoff of debtor's attorney's fees." *See* Schedule E/F, Case No. 22-73029, ECF No. 1. This Court finds that these are the only facts material to resolution of Malovatsky's claim under § 523(a)(15), and there is no genuine dispute as to these facts.

Next, the Court must decide whether Malovatsky is entitled to judgment as a matter of law on her § 523(a)(15) claim. For a debt to be determined nondischargeable under § 523(a)(15), it must be (1) owed to a spouse, former spouse, or child of the debtor; (2) not of the kind described in § 523(a)(5); and (3) incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree, or other order of a court of record. *See* 11 U.S.C. § 523(a)(15); *In re Monassebian*, 643 B.R. at 393. As the party challenging dischargeability, Malovatsky has the burden of proving these elements by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 287 (1991). This Court is mindful that, while exceptions to discharge are to be construed narrowly, exceptions relating to domestic obligations are interpreted more liberally. *See In re Monassebian*, 643 B.R. at 393-94.

Neither party has argued that Gojani's obligation to Malovatsky is a domestic support obligation as provided under § 523(a)(5), and element (2), above, is satisfied. The Court addresses the remaining elements of the § 523(a)(15) claim, in reverse order.

1.  *Gojani's Debt to Malovatsky Was Incurred in Connection with a Court-Ordered Matrimonial Stipulation*

The language of § 523(a)(15), "in connection with a separation agreement, divorce decree, or other order of a court of record," creates a catch-all for almost any debts connected to

a divorce that do not constitute a domestic support obligation, often including debts arising out of property settlements. *See Adam v. Dobin (In re Adam)*, Bankr. No. 12-12968-PC, Adv. No. 12-01295-ds, 2015 WL 1530086, at *4-6 (9th Cir. BAP Apr. 6, 2015), *aff'd,* 677 F. App'x 353 (9th Cir. 2017) ("The evolution of § 523(a)(15) demonstrates Congress's intent to spread as large a net, and to include as many marriage dissolution-related claims as possible, within this exception to discharge.").

The So-Ordered Stipulation was both an agreement, and an order, entered into in connection with the matrimonial proceeding, and the Court finds it falls within the language of § 523(a)(15). In the So-Ordered Stipulation, Gojani agreed that he "has not, nor will he accrue any judgments against" the Marital Property prior to transferring it to Malovatsky. *See* Compl. Ex. A, ECF No. 1, So-Ordered Stipulation, dated June 21, 2011; Answer to Compl. ¶¶ 44-45, ECF No. 8. The So-Ordered Stipulation imposed an obligation on Gojani which he breached when he allowed the Judgment Lien to be placed on the Marital Property and then transferred his interest to Malovatsky without satisfying the Judgment Lien. Therefore, Malovatsky's payment of the Judgment Lien was directly related to Gojani's breach of the So-Ordered Stipulation.

Gojani's argument that he did not violate the So-Ordered Stipulation because the Judgment Lien had not yet been docketed at the time he signed the Stipulation ignores the clear wording of the agreement which states that Gojani "has not, *nor will he*" accrue any judgments against the Marital Property. *See* Answer to Compl. ¶¶ 44-45, ECF No. 8 (emphasis added). His obligation was not limited temporally to the period preceding the agreement. Thus, Gojani's failure to prevent the placement of the Judgment Lien and his failure to satisfy the Judgment Lien before transferring the Marital Property are clear violations of a So-Ordered Stipulation.

Gojani's argument that his actions did not constitute a breach of the So-Ordered Stipulation because that agreement did not contain any specific provision concerning the payment of his attorney's fees, is unavailing. The So-Ordered Stipulation imposed on Gojani an obligation not to incur any judgment(s) against the Marital Property prior to conveying it to Malovatsky. The nature of the debt underlying the Judgment Lien is irrelevant. The judgment was on Gojani's interest in the Marital Property. The agreement required that Gojani not cause any judgments to accrue against the Marital Property, which would negatively impact the value of the interest being conveyed, prior to the transfer of his interest to Malovatsky. Gojani breached this agreement which resulted in a loss of value to the Marital Property, and caused Malovatsky to incur damages. Those damages incurred by Malovatsky as a result of Gojani's breach of the So-Ordered Stipulation, fall within § 523(a)(15). *See, e.g.*, *Monassebian v. Monassebian (In re Monassebian)*, 643 B.R. 388 (Bankr. E.D.N.Y. 2022) (finding that judgment debt entered in favor of the creditor-former spouse for breach of divorce stipulation fell within (a)(15) because judgment was incurred in connection with divorce agreement); *Salerno v. Crawford (In re Crawford)*, 236 B.R. 673, 677-78 (Bankr. E.D. Ark. 1999) (finding that former spouse's payment of obligations apportioned to the debtor pursuant to divorce decree created nondischargeable debt to the former spouse); *Gilman v. Golio (In re Golio),* 393 B.R. 56, 62 (Bankr. E.D.N.Y. 2008). *Cf. Mordas v. Schenkein (In re Schenkein),* Bankr. No. 09-14658 (AJG), Adv. No. 09-01947 (AJG), 2010 WL 3219464, at *5 (Bankr. S.D.N.Y. Aug. 9, 2010) (finding attorney's fees incurred by debtor's ex-spouse in connection with enforcement proceedings in the matrimonial action were nondischargeable under § 523(a)(15)).

*2.  The Debt is Owed to a Former Spouse*

In addition to being incurred in connection with a divorce or separation, to qualify under § 523(a)(15), the debt at issue must be owed to a spouse, former spouse or child of the debtor. Gojani argues that the debt at issue is not a debt owed to a former spouse because the Judgment Lien, which Malovatsky paid, arose from a debt owed to Gojani's attorney. However, the Debt is owed to Malovatsky, not Gojani's attorney. The Debt came into existence when Malovatsky satisfied the Judgment Lien. It did not come into existence when Gojani failed to pay his attorney. The Debt at issue is solely a creature of the binding obligation on Gojani not to burden the Marital Property with a judgment prior to transferring it to Malovatsky. He was free to do with his interest whatever he wanted prior to the conveyance to Malovatsky so long as at the time his interest was conveyed any judgments he caused to be placed on the Marital Property were satisfied. The breach is not that Gojani allowed a judgment on the Marital Property. Instead, the breach is that the judgment remained a burden on the Marital Property at the time it was transferred and became an obligation of his former spouse.

The final argument Gojani presents is that Malovatsky had knowledge of the Judgment Lien when it was docketed in 2014, before he transferred his interest. He contends that she could have mitigated her damages by exhausting her state court remedies before satisfying the lien. First, he has not submitted any evidence to prove that Malovatsky had knowledge of the Judgment Lien. Second, any mitigation argument was waived by Gojani's concession that he owes her for reimbursement. Finally, focusing on Malovatsky's knowledge or lack of knowledge of the Judgment Lien would improperly place the burden of removing the Judgment Lien upon Malovatsky. In the end, this argument is immaterial to the real issue which is that Gojani breached the So-Ordered Stipulation and Malovatsky incurred damages as a result.

## <u>CONCLUSION</u>

For the foregoing reasons, the Court finds that Malovatsky has shown that there is no genuine dispute as to any material fact and that she is entitled to judgment as a matter of law that the Debt arising out of the Gojani's breach of the So-Ordered Stipulation by his failure to remove the Judgment Lien prior to the transfer to Malovatsky, is nondischargeable under § 523(a)(15). Thus, the Motion for Summary Judgment is granted as to the § 523(a)(15) claim. The remaining causes of action in the Complaint are dismissed as moot. The Court will issue an order and judgment consistent with this Decision forthwith.

Dated: Central Islip, New York
      May 7, 2024



Robert E. Grossman
United States Bankruptcy Judge